470 F.2d 329
 C. J. OLIVER et al., Plaintiffs-Appellees,
v.
HOME INDEMNITY COMPANY, Intervenor,
MONSANTO COMPANY, Defendant-Third-Party Plaintiff-Appellant,
v.
A. A. PRUITT, Third-Party Defendant-Appellee,
v.
HYDROCARBON CONSTRUCTION COMPANY et al., Third-Party Defendants.
 No. 72-2781.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 7, 1972.
 
 Robert C. Floyd, Tom Alexander, Houston, Tex., for Monsanto Co. and Home Indemnity Co.
 Walter E. Workman, Houston, Tex., for Monsanto Co.
 David H. Burrow, Houston, Tex., for Oliver and Evans.
 John T. Golden, W. Bryant Russell, Houston, Tex., Henry G. Dalehite, Jr., Galveston, Tex., Don Hallmark, Houston, Tex., for other interested parties.
 Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 Appellant Monsanto Company has filed a motion requesting this court to determine whether any final appealable judgment has been entered in this cause. After due consideration, we find that no final order has yet been entered.
 
 
 2
 The original action in this case has grown into a complex, multiparty affair and has been dragging through the district court since 1966. Basically it involves personal injury actions by several construction workmen injured in a fire at a Monsanto chemical plant. The suit has involved the application of the somewhat complex Texas law on indemnity clauses in construction contracts. During an early phase of this litigation, on January 31, 1969, the district court entered an order holding that Pruitt was obligated under its contract with Monsanto to assume Monsanto's defense and to indemnify any loss by Monsanto to the injured employees who were employees of Pruitt. On April 20, 1972, the district court entered an order denominated "Final Judgement", which, of course, presumably made all earlier rulings, such as the indemnity holding, final and appealable.
 
 
 3
 After the normal ten-day period for amending final judgments had elapsed, but before the expiration of the thirtyday period for filing notice of appeal, Pruitt filed with the district court a motion for reconsideration of the January 1969 ruling which had held that Pruitt was obligated to indemnify Monsanto, alleging that relatively recent Texas decisions had changed the law applicable to this determination and that the 1969 ruling was now incorrect. The district court held that it could entertain this motion for reconsideration and amend the "final judgment" under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure. Having made this determination, the district court entered a "Memorandum and Order" on August 15, 1972, which reversed the indemnity ruling of January 1969, and held Monsanto not entitled to indemnity from Pruitt. Monsanto then filed a motion for a new trial which was denied in an "Amended Memorandum and Order", basically restating the order of August 15th with the addition of the reasons for denial of Monsanto's motion, on September 19, 1972, D.C., 56 F.R.D. 370. In both of these last orders, the court indicated that an "Amended Final Judgement" in line with those orders should be prepared for entry. As of the time this matter was presented to this court, no such "Amended Final Judgment" had been entered.
 
 
 4
 During the period after this "Final Judgment" of April 20, 1972, appeal proceedings were initiated in at least two instances. The first was a notice of appeal filed by Pruitt in Monsanto's name prior to the reconsideration of the indemnity issue by the district court. The second was an appeal filed by Monsanto after the orders of August 15th and September 19th which changed the indemnity result. Monsanto is at a loss to know which appeal, if either, should be pursued. This motion was filed to obtain an answer and avoid the costly waste of briefing and printing an appeal which may be premature.
 
 
 5
 At the outset it seems incumbent on this court to determine if the district court was correct in entertaining Pruitt's motion for reconsideration made after the normal period for amending final judgments but prior to the expiration of the period for filing notice of appeal. If it was improper for the district court to entertain that motion, then presumably the orders of August 15th and September 19th were improper and the April 20, 1972, judgment is the only one subject to appeal. If the reconsideration was permissible, then any appeal of the April judgment is now moot but there still would remain the question of whether either or both of the orders entered on August 15th or September 15, 1972, were intended to be the "final act" of the district court and are therefore appealable.
 
 
 6
 The district court found that it could entertain Pruitt's motion for reconsideration under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure[1] The district court adopted a construction of that rule which read the term "mistake" to encompass judicial mistake in applying the appropriate law. This view of the rule is that urged by the most noted commentators, 3 Barron & Holtzoff, Federal Practice & Procedure, p 1325 at 407 (Wright ed. 1958); 7 Moore's Federal Practice, p 60.22(3) (1971), and has, apparently, been accepted by this court. Meadows v. Cohen, 5 Cir. 1969, 409 F.2d 750; McDowell v. Celebrezze, 5 Cir. 1962, 310 F.2d 43.
 
 
 7
 The policy favoring such a construction is, of course, one aimed at preventing the unnecessary wasting of energies by both appellate courts and litigants. It seems that absent the chance of serious injury to the rights of any party, the possible saving of judicial energies warrants the use of such a discretionary reconsideration by the district court.[2] Here the district court properly entertained Pruitt's motion which was filed within the period allowed for giving notice of appeal and in fact after notice of appeal had been filed. In such circumstances, it is difficult to see how this reconsideration by the district court could have worked an injustice to any party. See Meadows v. Cohen, supra; McDowell v. Celebrezze, supra.
 
 
 8
 Having thus found that the district court here properly reconsidered its ruling on the indemnity issue, we must reach the question of whether or not the orders of August 15th and/or September 19, 1972, are sufficienty "final" to be proper for review. We find that by their very terms neither may be considered final. Both orders refer to the entry of an "Amended Final Judgment" at some unstated point in the future. Until this step has been taken, this case has not reached its final stage in the district court and any appeal is premature.[3]
 
 
 9
 Appeal dismissed.
 
 
 
 [1]
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect
 
 
 [2]
 This case illustrates the time saving which may be possible by the use of Rule 60(b) under these circumstances. Had the April final judgment been undisturbed and Pruitt, on appeal, been able to convince this court that the district court had not properly applied Texas law on the indemnity question, remand would have been necessary because application of the test that Pruitt urges would make it necessary to determine if Monsanto was negligent in this case. In its reconsideration, the district court made a finding that Monsanto was negligent. Thus if in a proper appeal this court is convinced that the Pruitt position on Texas law is correct and that it was within the power of the trial court itself to determine negligence on the part of Monsanto, that finding has already been made by the trial court and can be reviewed without the necessity for remand to determine the possible negligence of Monsanto
 This court does not mean to indicate in any way how the ultimate resolution of these complex issues will be decided. Nor do we feel that by allowing this reconsideration the possibility of remand will be obviated. Rather it is simply presented as an example of how much reconsideration could save judicial energies, time, and possibly expense.
 
 
 [3]
 It may be that such an "Amended Final Judgment" has been filed in this case since this motion was presented to this court. If so, the parties are granted an additional thirty-day period from the date of this opinion to file notices of appeal of that judgment