RUSSELL, Judge.
This is a divorce case.
The Circuit Court of Mobile County divorced the parties, awarded the wife custody of the parties’ three minor children, and also awarded her $100 per week as alimony and $75 per week per child as child support. Additionally, the wife was awarded possession of the marital home and ordered to pay all indebtedness on it until such time as the parties’ youngest child reaches the age of majority, at which time the home is to be sold and the proceeds divided equally among the parties. Finally, the husband was ordered to pay all other debts of the marriage with the exception of the wife’s car payment.
The husband appeals. We affirm.
The dispositive issue is whether the trial court erred by abusing its discretion in awarding the wife alimony and child support and ordering the husband to assume the marital debts. Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Moreover, the trial court is afforded broad discretion in awarding alimony and child support and will not be reversed absent a showing of an abuse of that discretion. Id.
We pretermit a detailed summary of the evidence, noting that such a recitation would add little or nothing to the vast amount of case law on this subject. Suffice it to say that, considering that the husband’s income is estimated to be $38,-000 annually and that the wife, who did not work during the eighteen-year duration of the marriage, has only recently become employed, with earnings, after taxes, of approximately $150 per week, we cannot conclude that the alimony and child support awards were an abuse of discretion.
As for the husband’s assertion that the trial court abused its discretion by ordering that he shall be responsible for all bills of the marriage, the record reveals that the trial court recognized that it could have placed all, or a portion, of such responsibility upon the wife, but that to do so would necessitate an increase in the amount of alimony and child support *867 awarded to her. Again, considering the disparity in the earning capacities of the parties and the strong presumption favoring the correctness of such decisions, we cannot find that the trial court abused its discretion in ordering such a resolution.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.