This is a divorce case.
The parties were married in February 1971. They had three children during the marriage: Brian, age 17; Deana, age 12; and Derek, age 10. *Page 868 
The husband, Gerald M. Jackson, filed for divorce in February 1989. After ore tenus proceedings, the trial court issued a judgment of divorce in August 1989. The wife, Venita L. Jackson, was awarded custody of the children, with visitation rights granted to the husband. The wife was given possession of the family residence and was held responsible for the mortgage payments on the residence. The residence was to be sold when the youngest child reached the age of majority, and the equity was to be divided equally between the parties. The husband was ordered to pay the wife $100 per week as alimony and $75 per week per child as child support until each child reached majority. The husband was required to pay all the debts of the marriage except the payment on the wife's automobile.
The husband appealed to the Court of Civil Appeals,567 So.2d 866, which affirmed and subsequently denied rehearing. This Court granted the petition for writ of certiorari. We affirm.
The husband contends that the trial court erred in its award of alimony and child support by failing to consider his earnings and earning capacity as balanced with the needs of the wife and children. The husband also submits that the trial court's allocation of the debts of the marriage constituted an abuse of discretion.
In reviewing the trial court's judgment in a divorce case presented ore tenus, we will presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Nowellv. Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985); Stricklin v.Stricklin, 456 So.2d 809 (Ala.Civ.App. 1984). The trial court is given broad discretion in a divorce case and its decision will not be overturned unless it is unsupported by the evidence or is otherwise palpably wrong. Stricklin, 456 So.2d 809,810. Issues involving alimony and the payment of marital debts are within the sound discretion of the trial judge in a divorce action. The judge's ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion. McCluskey v. McCluskey, 495 So.2d 66
(Ala.Civ.App. 1986); Hall v. Hall, 445 So.2d 304 (Ala.Civ.App. 1984).
 I. Was the award of child support and alimony palpably wrong or unjust?
The husband contends that the trial judge did not consider his earnings and his ability to earn income when the judge ordered the child support and alimony. The husband's gross annual income is $38,000.[1] His net income per month is $2,097.00. He was ordered to pay $1,408.33 per month in support and alimony.[2] From the balance, the husband must pay for food, clothing, shelter, transportation, and other necessities.
The judge also considered the needs of the wife and children. The wife did not work during the 18-year marriage and only recently had been employed. The wife's net income is $151.89 per week. She must make a $327 per month mortgage payment and a $219 per month automobile payment.
The record clearly shows that the trial judge considered the earnings of the husband when he awarded child support and alimony. In view of the disparity in the earnings of the parties and the strong presumption in favor of the trial court's judgment in a divorce case, we cannot consider the award of alimony and child support to be palpably wrong or unjust. The trial judge can consider the earning ability of both parties, their probable future prospects for earnings, the duration of the marriage, their ages, health, and station in life, and the conduct of the parties with reference to the cause of the divorce. Farris v. Farris, 532 So.2d 1041
(Ala.Civ.App. 1988).
 II. Did the trial court abuse its discretion when it charged the debts of the marriage to the husband?
The debts the trial court imposed on the husband all were incurred during the *Page 869 
marriage. The record shows that the trial court considered the husband's income in charging those debts to the husband. The trial judge stated he could charge some of the indebtedness to the wife but that if he did so, he would have to increase the amount of support. The judge also considered in his ruling that as each child reached the age of majority, the amount of support would be reduced.
The trial court did not abuse its discretion in ordering the husband to pay the debts of the marriage.
The judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] The husband made $47,600 in 1987 but at the time of trial had not filed a 1988 tax return. The judge estimated his gross annual pay by using the husband's check stubs for 1989.
[2] The amount of child support will be reduced by $324.75 per month as each child reaches majority. The oldest child reaches majority in March 1991.