This is a divorce case.
After over 30 years of marriage, the parties divorced in July 1991. Included in the divorce decree was a property division and an award of periodic alimony to the wife from the husband. The husband appeals.
On appeal, the husband contends that the trial court "did not consider the contribution" the husband made to the marriage. He also argues that the property division and alimony award were inequitable.
There exists a vast number of cases concerning these issues in divorce cases and the legal principles are well-settled. When a trial court is presented ore tenus evidence in a divorce proceeding, its judgment is presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). The division of property pursuant to a divorce and the award of alimony are matters that lie within the sound discretion of the trial court, whose judgment will not be disturbed on appeal except for palpable abuse of that discretion. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). The division of property is not required to be equal, but it must be equitable, and the determination of what is equitable rests within the sound discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App. 1984). A division of property that favors one party over another is not in and of itself an abuse of discretion. Jordan v. Jordan,547 So.2d 574 (Ala.Civ.App. 1989). Additionally, absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith,475 So.2d 575 (Ala.Civ.App. 1985).
Many factors are proper for the trial court to consider in making an equitable settlement pursuant to a divorce. Lutz v.Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). The husband correctly asserts that the trial court should consider the parties' contributions to the marriage. Antepenko v. Antepenko, *Page 1208 549 So.2d 1357 (Ala.Civ.App. 1989). The trial court's order in the instant case specifies six of the factors it considered, all of which are proper. Also contained in the record is testimony which the trial court heard from both parties, regarding their roles and contributions during the marriage.
The record is filled with evidence regarding the proper factors for the trial court to consider. In view of the vast number of cases existing on this subject, to detail the evidence in the instant case serves no legal purpose. We have carefully and thoroughly reviewed the entire record and find that it includes sufficient evidence which supports the determination of the trial court regarding alimony and the property division. We find no abuse of discretion, and therefore, the judgment is affirmed.
The wife's request for an attorney's fee award on appeal is granted in the amount of $500.00.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.