YATES, Judge.
After a 20-year marriage, the parties were divorced in December 1988. The divorce judgment incorporated an agreement of the parties, providing that the husband- pay $3,000 per month alimony. In July 1993, the husband petitioned to modify the divorce judgment, requesting the trial court to terminate his alimony obligation. He alleged that there had been a significant change in circumstances, in that the wife’s income and assets had increased since the divorce so that she no longer needed of alimony. Following a hearing, the trial court reduced the alimony payments to $2,000 per month; the husband appeals, contending that the trial court erred in refusing to terminate his alimony obligation based upon the evidence that the wife was self-supporting.
The amount of periodic alimony and subsequent modifications are matters that rest soundly within the trial court’s discretion, and its rulings on those matters will not be disturbed on appeal, absent an abuse of discretion. Harris v. Harris, 543 So.2d 1203 (Ala.Civ.App.1989). The purpose of periodic alimony is support for the former spouse and, that being its purpose, it may be terminated when that former spouse becomes self-supporting. Allen v. Allen, 477 So.2d 457 (Ala.Civ.App.1985).
The record reflects that the wife’s income had substantially increased since the time of the divorce. Her net worth was $1.2 million. Her routine expenses, totalling $15,763 monthly, included a $3,000 per month clothing allowance. Her gross income during the years following the divorce was as follows: $157,671 in 1989; $175,295 in 1990; $164,768 in 1991; and $233,144 in 1992. She testified that since the divorce she had accumulated “the majority” of the following monies: an account with a brokerage firm containing $154,832; a $68,000 certificate of deposit (C.D.) at Altus Bank; and at First Alabama Bank a $100,000 C.D. and a checking account containing $32,786. The wife, who was 56 years old at the time of the trial, also testified to monies and property that she had inherited from her father and an uncle; that property included 20 acres of pecan trees, a house she rents out for $85 per month, a two-thirds interest in 773 acres of land, and a one-half interest in a 320-acre farm. She also holds a mortgage on a furniture store and one on an insurance agency. Although both her father and uncle died before the divorce, she did not receive the inheritance until after the divorce. Further, the wife’s only debt is a $53,490.79 note, which is secured by a mortgage on her house.
The husband, who was 58 years old, testified that his income was $52,000 in 1989. He started a nursery business in 1984 that has yet to make a profit. In fact, it has lost between $30,000 and $80,000 per year. The husband stated that he maintains the nursery because “it has a potential of a good retirement income.” He has no savings, no C.D.s, and no substantial amount of money in his checking account. He has two IRA accounts totalling approximately $25,000. He owns 500 acres of land and a one-eighth interest in a professional office park. The husband testified that at the time of the divorce he had no debt, and at the time of the hearing he was $110,000 in debt. He also testified that he had no retirement or 401K plan.
After reviewing all the evidence in the case, we conclude that to require the husband to continue to pay the wife alimony was arbitrary and unjust. The evidence established that the wife is self-supporting, with an income and an estate greater than that of her husband. That was not the case at the time of the divorce; the husband has established a change of circumstances. While the trial court may reserve the right to award alimony in the future, if the circumstances of the wife change, we conclude that the failure to terminate the husband’s alimony obligation was arbitrary and contrary to the evidence; therefore, it was an abuse of discretion.
*419 Accordingly, we reverse the judgment of the trial court and remand the cause with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., dissents.