Margaret Smith and John Allen Smith were married for 20 years before they were divorced in 1988. The divorce judgment required John Allen to pay his ex-wife $3,000 a month in alimony. In 1993 John Allen petitioned the circuit court to terminate his alimony obligations. He alleged that there had been a material change in Margaret's financial situation and in his own situation and that these changes mandated a termination of the alimony. The circuit court heard conflicting oral testimony on their respective financial situations and ordered a reduction of $1000 a month in the alimony payments due Margaret.
John Allen appealed to the Court of Civil Appeals, arguing that the circuit court had abused its discretion in failing to terminate the alimony. The Court of Civil Appeals agreed and held that, based on the evidence in the record, the circuit court's refusal to terminate the alimony was arbitrary and capricious and an abuse of the circuit court's discretion. Thus, the Court of Civil Appeals reversed the circuit court's judgment, with instructions for the circuit court to terminate the alimony payments. However, Judge Thigpen, dissenting, stated that, upon his review of the record, with the established presumptions in favor of the circuit court's judgment in mind, he found sufficient evidence to support that judgment. Smith v. Smith, 673 So.2d 417, 419 (Ala.Civ.App. 1994).
The facts contained in the Court of Civil Appeals' opinion and in the dissent adequately detail the financial evidence that was presented to the circuit court. It is unnecessary for us to reproduce them in this opinion.
It is well established in Alabama that the modification of an alimony provision based upon changed circumstances is a matter that rests within the circuit court's sound discretion. Furthermore, the ore tenus standard is applied to the ruling of the circuit court; thus, a presumption of correctness attaches to the ruling and the ruling will not be reversed unless it is not supported by the evidence and is clearly an abuse of the court's discretion. In Ex parte Jackson,567 So.2d 867 (Ala. 1990), this Court specifically *Page 422 
set out the standard of review applicable in a case involving alimony in which the circuit court hears oral testimony on conflicting evidence. We held:
 "Issues involving alimony and the payment of marital debts are within the sound discretion of the trial judge in a divorce action. The judge's ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion."
567 So.2d at 868. See also Paajanen v. Paajanen, 600 So.2d 293
(Ala.Civ.App. 1992), and Brown v. Brown, 586 So.2d 919
(Ala.Civ.App. 1991).
Thus, when this Court or the Court of Civil Appeals reviews a circuit court's order, it is not to substitute its judgment of the facts for that of the circuit court. Rea v. Rea,599 So.2d 1206 (Ala.Civ.App. 1992). Instead, our task is simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion. Peterman v. Peterman,510 So.2d 822 (Ala.Civ.App. 1987). After thoroughly reviewing the record and the evidence contained therein, we conclude that the evidence was sufficient to support the circuit court's order.
Therefore, we reverse the judgment of the Court of Civil Appeals and remand the cause.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.