This is an appeal from an order setting aside a default judgment. Chrysler Financial Corporation ("Chrysler") sued Matthew Thomas and Walter Dziekonski in district court on a retail installment contract. The case action summary sheet reflects that Thomas was personally served on April 11, 1997. Thomas did not file an answer, and on May 27, 1997, Chrysler filed an application for a default judgment. The application for the default judgment was supported by an affidavit executed by Chrysler's attorney averring that Thomas had been personally served; that more than 14 days had passed since the date of service and no answer had been filed; and that Thomas owed $5,147 under the terms of the installment contract, which debt was the basis for the complaint. A default judgment in the amount of $5,053.91 plus court costs was entered by the district court on June 3, 1997. Thomas failed to appeal this judgment within the 14-day period required pursuant to Ala. Code 1975, §12-12-70. See also Rule 55(dc), Ala. R. Civ. P.
On June 27, 1998, an attorney filed a notice of appearance on behalf of Thomas and Dziekonski. In addition, on that same day he filed, on Thomas's behalf, a Rule 60(b), Ala. R. Civ. P., motion seeking to set aside the default judgment. The district court conducted a hearing on this motion on September 3, 1997, and denied the motion that same day. Thomas appealed the order denying his motion to the circuit court. A hearing was conducted in the circuit court on March 12, 1998. On April 30, 1998, the trial court entered an order setting aside the default judgment. Chrysler appeals from that order.
We initially examine the record in order to determine whether the order from which this appeal is taken is a final judgment, i.e., one that resolves all claims against all parties. Generally, an order granting a Rule 60(b) motion for relief from judgment is not appealable. R.E. Grills, Inc. v. Davison,641 So.2d 225, 227 (Ala. 1994); Fisher v. Bush, 377 So.2d 968 (Ala. 1979). Such an order is considered interlocutory because further proceedings are contemplated in the trial court. Davison, 641 So.2d at 227-228, and generally, to support an appeal, an order must be a final judgment. § 12-22-2, Ala. Code 1975. "A final judgment is an order that `conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.'" Lunceford v. Monumental Life Ins. Co.,641 So.2d 244, 246 (Ala. 1994) (citing Bean v. Craig, 557 So.2d 1249,1253 (Ala. 1990); Taylor v. Taylor, 398 So.2d 267 (Ala. 1981)). Because the order entered by the circuit court granted the Rule 60(b) motion and remanded the case to district court for further proceedings, the order is not a final judgment that will support an appeal to this court.
For the foregoing reasons the appeal is dismissed.
DISMISSED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result. *Page 733