CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur with the affirmance of the trial court’s judgment as it relates to the division of marital property. I dissent from the reversal of the trial court’s judgment as it relates to the amount of periodic alimony.
Our supreme court has stated:
“[An appellate court should not] substitute its judgment of the facts for that of the [trial] court. Rea v. Rea, 599 So.2d 1206 (Ala.Civ.App.1992). Instead, [the appellate court’s] task is simply to determine if there was sufficient evidence before the [trial] court to support its decision against a charge or arbitrariness and abuse of discretion. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App.1987).”
Ex parte Smith, 673 So.2d 420, 422 (Ala.1995).
In this case, the trial court awarded the wife approximately one half of the marital assets, valued at over $100,000, including the marital residence, free of the mortgage, and awarded the wife $500 monthly as periodic alimony. The per curiam opinion states that the trial court abused its discretion by awarding the wife only $500 monthly as periodic alimony, especially considering her health and her prospects for future employment. The trial court may not have believed the wife’s health problems were as severe as she represented them to be, and in setting the periodic-alimony award the trial court may have also considered the marital assets it had awarded the wife, including the marital home, and the sizable alimony-in-gross award, it had made. I conclude that the wife has not shown an abuse of discretion.