MONROE, Judge.
Jessie Tompkins sued Lillie Baker, as executrix of the estate of Nora Bryant, and the real property located at 637 Scott Street in the City of Montgomery, seeking to quiet title to the Scott Street property. Tompkins received a default judgment quieting title to the property. However, upon motion of the defendant Baker, the trial court entered an order setting aside the default judgment. Specifically, the court found that no service had been perfected on Baker, who owns the Scott Street property along with Catherine B. Kelly, Joe Ann Bryant, and Willie Lee Bryant. Tompkins appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Tompkins, who has proceeded pro se at both the trial-court level and on appeal, contends that the trial court erred in setting aside the default judgment. Because Baker’s motion to set aside the default judgment was made more than 30 days after the entry of the judgment, the motion is treated as one made pursuant to Rule 60(b), Ala. R. Civ. P. Generally, an order granting a Rule 60(b) motion for relief from judgment is considered interlocutory because further proceedings are contemplated by the trial court; therefore, such an order is not appealable. Chrysler Financial Corp. v. Thomas, 726 So.2d 731 (Ala.Civ.App.1999).
Because the trial court’s order setting aside the default judgment is not a final judgment, it will not support an appeal. Id. Therefore, the appeal is due to be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.