CRAWLEY, Judge,
concurring in part and dissenting in part.
Because I would affirm the trial court’s judgment in its entirety, I dissent from the reversal of that portion of the trial court’s judgment awarding the wife $1,000 monthly periodic alimony.
Our supreme court has stated that the appellate court, when reviewing a trial court’s judgment, should not
“substitute its judgment of the facts for that of the [trial] court. Rea v. Rea, 599 So.2d 1206 (Ala.Civ.App.1992). Instead, our task is simply to determine if there was sufficient evidence before the [trial] court to support its decision against a charge or arbitrariness and abuse of discretion. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App.1987).”
Ex parte Smith, 673 So.2d 420, 422 (Ala.1995).
Judge Yates states that the trial court awarded the wife assets totaling over $300,000, as well as the marital residence free of any mortgage. I agree with Judge Yates that an award of periodic alimony is considered along with the division of marital property to determine whether the trial court’s judgment is equitable. O’Neal v. O’Neal, 678 So.2d 161 (Ala.Civ.App.1996). In this case, I conclude that the large amount of assets the wife received makes the $1,000 monthly periodic-alimony award an equitable award of alimony.