I would affirm the trial court's award of periodic alimony and its division of marital property. Our supreme court has stated that an appellate court reviewing a trial court's judgment should not
 "substitute its judgment of the facts for that of the [trial] court. Rea v. Rea, 599 So.2d 1206
(Ala.Civ.App. 1992). Instead, our task is simply to determine if there was sufficient evidence before the [trial] court to support its decision against a charge or arbitrariness and abuse of discretion. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App. 1987)."
Ex parte Smith, 673 So.2d 420, 422 (Ala. 1995).
The trial court granted the divorce on the ground of the husband's adultery. The trial court awarded the wife $1,250 periodic alimony and awarded the wife 30% of the husband's retirement accounts. The husband's monthly income is $4,333 — the wife's periodic alimony award is almost 30% of the husband's monthly income. I conclude that the award of alimony and the division of the retirement benefits are equitable. The wife would be entitled only to a maximum of 50% of the husband's retirement benefits, as stated in § 30-2-51(b)(3), Ala. Code 1975. I do not conclude that the trial court's finding of adultery mandates a higher percentage of the retirement benefits or a higher periodic-alimony award.