MURDOCK, Judge,
dissenting.
Our Supreme Court has repeatedly held that a trial-court determination arising from an ore tenus divorce proceeding is due deference:
“ ‘In reviewing the [circuit] court’s judgment in a divorce case presented ore tenus, we will presume the judgment to be correct....’’ Ex parte Jackson, 567 So.2d 867, 868 (Ala.1990). Furthermore, rulings on such matters as child support, alimony, division of marital property, and payment of marital debts are within the discretion of the circuit court. See id. Thus, a circuit court’s divorce judgment, including its rulings on these matters, will not be reversed unless it is so unsupported by the evidence that it is plainly and palpably wrong and a clear abuse of discretion. See Ex parte Smith, 673 So.2d 420, 421 (Ala.1995); Ex parte Jackson, 567 So.2d at 868; see also Hartselle v. Hartselle, 475 So.2d 860, 861 (Ala.Civ.App.1985) (‘The cases are legion which hold that matters in *814 divorce cases, such as the division of property and child custody, are subjects that fall within the sound judicial discretion of the [circuit] court.’). Moreover, an appellate court reviewing a circuit court’s judgment in a divorce action is not to substitute its judgment of the facts for that of the circuit court. See Ex parte Smith, 673 So.2d at 422. Instead, the appellate court is ‘simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion.’ Id.”
Ex parte Elliott, 782 So.2d 308, 311 (Ala.2000).
In reversing the judgment of the trial court, the main opinion concludes that the trial court’s award of alimony is inequitable [1] because, it says, the husband’s testimony concerning his income was not disputed and because his gross monthly income is “insufficient to meet the court-ordered obligation.”[2] I would first note, however, that a party’s current income is not the touchstone of an equitable alimony award: “[i]n making the initial award of alimony, the trial court may consider the parties’ ability to earn, as opposed to the parties’ actual income," and “[a]n award exceeding a [party’s] stated income does not automatically amount to an abuse of discretion by the trial court.” McAfee v. McAfee, 646 So.2d 122, 124 (Ala.Civ.App.1994) (emphasis added).
In this case, the husband’s most recent pay statement from his apartment-maintenance job was admitted into evidence. That statement reflects that the husband received $1,064 in gross pay and $782.91 in net pay. While the husband’s counsel, in one of his questions at trial, referred to this statement as reflecting the husband’s “monthly” earnings, the statement was admitted into evidence without any testimony from the husband that this characterization was correct. In actuality, the pay statement indicates that the husband worked a total of 76 hours during a period ending on May 18, 2001 to earn the pay reflected in that statement. A total of 76 working hours would, if accumulated over two calendar weeks, amount to just short of two standard 40-hour work weeks; thus, the trial court could reasonably have concluded that the husband’s actual monthly wages were approximately double that stated in the main opinion.
However, even if the husband’s 76 documented work hours did, in fact, represent his work for an entire month, the trial court could have drawn the inference that the husband was not fully employed and that he had a greater capability to earn than his wages would indicate. Moreover, there was evidence before the trial court indicating that the husband’s reported annual earnings from working in heating and air-conditioning during the five years preceding the trial had ranged from $31,000 to $36,100; that he had performed a “lot” of *815 additional “side” work; that he had recently lost a job at a firm known as “One Arsenal” for misconduct, i.e., for attaching a telephone to a line running to a building so that he could save on his cellular-telephone bills; and that his current job involved a substantial cut in pay from his previous jobs. While the husband testified that he recently became “kind of tired of crawling under houses and attics because of [his] knees and back,” he also admitted to having sought continued employment in the heating and air-conditioning field with other companies after being terminated by One Arsenal.
In addition, some of this same evidence also could have served as a basis for the trial court to have drawn adverse inferences as to the husband’s credibility. In this regard it is important to note that the level of the husband’s earning capacity is not an “undisputed fact” in this case. The wife did not concede or stipulate that the husband’s monthly earning capacity was reflected by the above-discussed earnings statement; indeed, she took a position contrary to the husband’s position.
“Facts” and “testimony” are two different things. With respect to such testimony as the husband may have given in this case, “ ‘[t]he ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of witnesses.’ ” Ex parte Anonymous, 803 So.2d 542, 546 (Ala.2001) (emphasis added; quoting Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986)). On the other hand, “the ore tenus rule has no application where the facts are undisput-ably established.” Ex parte Anonymous, 803 So.2d at 546 (emphasis added; citing Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999)). Thus, under the ore tenus rule, a trial court makes weight and credibility determinations as to each witness’s testimony. Our caselaw did not prevent the trial court from making an adverse credibility determination as to the husband’s testimony, even if there had been no other witness’s testimony inconsistent with his. Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538, 543 (Ala.1988) (affirming a judgment based on the trial court’s reservation as to the credibility of a single witness’s testimony, as well as the inference of inconsistent assertions drawn from that witness’s testimony); Hall v. Mazzone, 486 So.2d at 410-11 (upholding a trial court’s judgment based on a negative credibility determination as to the only witness whose testimony addressed a given issue); In re Anonymous, 812 So.2d 1221, 1227 (Ala.Civ.App.2001) (Murdock, J., concurring in the result), aff'd, 812 So.2d 1234 (Ala.2001).
Finally, it is well settled that “even if a divorce is granted on the grounds of incompatibility, a trial court may consider fault in making its awards” of alimony and property. Kluever v. Kluever, 656 So.2d 887, 890 (Ala.Civ.App.1995). In this case, the husband admitted to having committed adultery, which embarrassed and humiliated the wife, who was undisputedly a good wife and mother. The trial court expressly referred to the husband’s conduct at the conclusion of trial and indicated that that conduct would have consequences in the proceeding:
“[Y]ou know, you reach the point in your lives, the children are grown, and you and your wife would have had time for each other. Your financial situation with your joint income is better with the kids up and out and you could have had a good time, but you blew it. That’s all I can say.
[[Image here]]
“... And the order will reflect that, but that’s all I can say until I have a chance to review the evidence.”
*816 In light of the foregoing evidence of the husband’s ability to earn, as well as his adulterous conduct, I cannot conclude that the trial court’s award of periodic alimony is inequitable. The trial court’s judgment is not so unsupported by the evidence as to be plainly and palpably wrong and a clear abuse of discretion, especially in light of the Supreme Court’s admonition that the role of this court is “ ‘simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion.’ ” Elliott, 782 So.2d at 311 (quoting Ex parte Smith, 673 So.2d at 422). I therefore respectfully dissent from the reversal.
THOMPSON, J., concurs.

. The trial court ordered the husband to pay $700 per month plus monthly payments on the note secured by a first mortgage on the marital home; because those payments are not clearly denominated as "alimony in gross” and because they are identified as being in "addition" to periodic alimony, I conclude that those payments are in the nature of additional periodic alimony and not a property settlement. Bonham v. Bonham, 623 So.2d 337, 338 (Ala.Civ.App.1993) ("The intent to award alimony in gross must be unequivocally expressed or necessarily inferred from the language used.”).

. In addition to the other factors discussed below that lead me to conclude that the husband has not shown on appeal why we should disturb the trial court’s finding that the husband has the ability to meet the alimony obligation it imposed, the husband is unable to point to any evidence in tire record regarding his living expenses.