This is an appeal from an order setting aside a default judgment of divorce. Sharon Hilyer Perkins ("the wife") filed a complaint seeking a divorce from Timothy Wayne Perkins ("the husband") on January 17, 2003. Service of process was perfected upon the husband on January 24, 2003, but the husband failed to file an answer to the wife's complaint within 30 days. On February 28, 2003, the wife filed an application requesting the entry of a default judgment against the husband for failure to respond to the wife's divorce complaint. The husband filed his answer and counterclaim for a divorce on March 7, 2003.
On March 11, 2003, the trial court issued a default judgment of divorce awarding the wife all of the relief requested in her complaint for divorce and reserving the issue of alimony. According to the case action summary sheet, that judgment was entered and mailed to the parties on March 12, 2003. Two days later, on its own motion, the trial court entered an order setting aside the divorce judgment, stating that the judgment "was entered in error by the court, in that the court mistakenly understood this matter was settled by `Agreement,' as opposed to a default judgment." On the same day, in a different order, the trial judge recused himself from future proceedings and requested the appointment of another judge to avoid the appearance of impropriety.[1]
The wife appeals and asserts that the trial court could not set aside the default judgment without first utilizing the test set forth inKirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600
(Ala. 1988).[2] Before we may address the contentions of the wife, we must first determine whether the order from which the appeal has been taken is a final judgment. An appeal ordinarily lies only from a final judgment. See § 12-22-2, Ala. Code 1975; Bean v. Craig, 557 So.2d 1249
(Ala. 1990). "`A final judgment is one that completely adjudicates all matters in controversy between the parties.'" Reid v. Reid, 844 So.2d 1212,1214 (Ala.Civ.App. 2002) (quoting Wilson v. Glasheen, 801 So.2d 848, 849
(Ala.Civ.App. 2001)).
The record indicates that as soon as the initial trial judge recused himself, his successor set a new date for a hearing on the parties' claims. The order setting aside the default judgment merely returned *Page 1198 
the parties to the legal position they were in before the default judgment was entered; at that time, the husband and the wife had each filed pleadings and a hearing on the matter was forthcoming. The procedural posture of this case is analogous to attempted appeals from orders granting relief from judgments pursuant to Rule 60(b), Ala.R.Civ.P. The law is clear that a trial court's order granting a Rule 60(b) motion "is considered interlocutory because further proceedings are contemplated by the trial court; therefore such an order is not appealable." Tompkins v. Baker,745 So.2d 283, 284 (Ala.Civ.App. 1999) (citing Chrysler Fin. Corp. v.Thomas, 726 So.2d 731 (Ala.Civ.App. 1999)).
We conclude that the trial court's order setting aside the default judgment is not a final, appealable judgment and that that order will not support an appeal. Therefore, this appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] The husband filed a motion to set aside the default judgment on March 17, 2003; the trial court, having previously set aside the default judgment, did not act on that motion.
[2] It is important to note that a refusal to enter a default judgment is a discretionary matter. "No analysis akin to that in Kirtland has been established for refusals to enter a default judgment." City of GulfShores v. Harbert Int'l, 608 So.2d 348, 358 n. 4 (Ala. 1992).