[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 695 
On February 7, 2002, the wife, Margaret Elaine Reaves, sued the husband, Barry D. Reaves, for a divorce. On October 3, 2002, the trial court entered a final judgment divorcing the parties. In its judgment, the trial court awarded the wife custody of the parties' children. The trial court divided the parties' retirement accounts as follows:
 "10. [The wife] shall be entitled to her retirement account and her bank account. In addition thereto, [the wife] shall receive $24,000 from [the husband's] 401k account and $25,000 from [the husband's] retirement account with Huhtamaki.
 "11. [The husband] shall have the remainder of his 401k account, the remainder of his retirement account through his employer, and his bank account."
The court ordered the husband to pay the wife $450 per month in periodic alimony. On October 11, 2002, pursuant to Rule 59, Ala. R. Civ. P., the husband moved to alter or amend the judgment, or, in the alternative, for a new trial. On December 23, 2002, the trial court entered an order on the case action summary sheet denying the husband's motion. On January 15, 2003, the trial court, on its own motion, entered an order purporting to amend the judgment to award the wife no more than 50% of the husband's retirement accounts as of the date of separation. However, that order was a nullity because the trial court no longer had the authority to "revisit its own order denying a Rule 59 postjudgment motion." Paris v. Estate of Williams,769 So.2d 321, 323 (Ala.Civ.App. 2000) (dismissing an appeal where the trial court purported to enter an order setting aside its denial of the Rule 59 motion). See also Ex parte Allstate Life Ins.Co., 741 So.2d 1066 (Ala. 1999) (holding that after a trial court denies a Rule 59 motion, the trial court loses jurisdiction over the case). On February 3, 2003, the husband filed his notice of appeal, contending that the trial court had erred in its award of custody, in its award of more than 50% of his retirement accounts to the wife, and in its award of periodic alimony. On February 13, 2003, the wife cross-appealed, arguing that the trial court's judgment failed to include provisions for filing a Qualified Domestic Relations Order ("QDRO").
While these appeals were pending, the wife moved this court for leave to file a Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment, which this court granted on February 27, 2003.[1] On May 19, 2003, the trial court entered an order granting the wife's Rule 60(b) motion. We note that the wife's motion seeking relief from the judgment is not included in the record, although the trial court's order granting such relief was included in the record pursuant to the trial court's order that the record be supplemented.
In its grant of relief from the judgment, the trial court ordered: *Page 696 
 "1. Alabama law does not allow more than 50% of a retirement account of one party be awarded to another in a divorce. This Court was well aware of this fact at the time of rendering the judgment of divorce. It was the intent of the Court at the time the judgment was rendered to award [the wife] 50% of [the husband's] retirement account, no more. The calculations of the Court were obviously in error in the judgment and the Court mistakenly awarded more.
 "2. The Court grants relief from the judgment and corrects such error to reflect that the Court awards [the wife] 50% of [the husband's] 401K and retirement accounts (balance as of the date of the separation).
 "3. The Court retains jurisdiction over the issue of division of the retirement accounts for the purpose of issuing a [QDRO] that complies with the requirements of the retirement account and 401K administrators, as well as the tax laws.
 "4. The Court finds there is no just reason for delay and that all other provisions of the judgment are final and directs entry of the judgment as final.
 "5. The Court finds the supersedeas bond is adequate in this case and denies [the wife's] request to increase the bond.
 "6. The Court directs the clerk to supplement the record on appeal with this order."[2]
In his brief to this court, the husband argues that the trial court erred in its award of periodic alimony. He also argues that the trial court erred in its May 19, 2003, order by requiring that the retirement benefits be divided as of the date of the parties' separation. The wife argues that the trial court's order of May 19, 2003, *Page 697 
entering a QDRO, makes her cross-appeal moot.
The husband's argument on appeal regarding retirement benefits relates to the amended judgment entered on May 19, 2003, wherein the trial court divided the retirement benefits as of the date of separation. The trial court's order granting the wife's Rule 60(b) motion is an appealable order creating a separate and distinct right to appeal to be pursued in the appellate court. However, no appeal has been filed from the order entered on May 19, 2003.[3]
In Oliver v. Home Indemnity Co., 470 F.2d 329 (5th Cir. 1972), several construction workers filed personal-injury lawsuits against the owner of the manufacturing plant where they had been working. The owner of the plant filed a third-party action against the contractor who employed the construction workers, seeking indemnification. The trial court entered a final judgment in April 1972, concluding that the owner was entitled to indemnification from the contractor. After the time for amending final judgments had elapsed, but before the time had expired for filing a notice of appeal, the contractor filed a motion for reconsideration, alleging that recent Texas decisions had changed the law applicable to indemnification. The trial court determined that it could entertain the motion and amend its final judgment pursuant to Rule 60(b), Fed.R.Civ.P. Subsequently, in August 1972, the trial court reversed its indemnity ruling and entered an amended judgment. The owner then filed a motion for a new trial. The court denied the owner's motion and restated its amended judgment in September 1972.
After the original judgment entered in April had been filed, the owner filed a notice of appeal before the contractor filed his motion for reconsideration. The owner also filed another notice of appeal from the trial court's September judgment. The owner was unsure which appeal he was to pursue.
The appellate court in Oliver stated that if it was improper for the trial court to entertain the contractor's motion for reconsideration, then the amended judgments entered in August and September were improper and the April judgment would be the only one subject to appeal. However, the appellate court in Oliver
determined that if the reconsideration was permissible under Rule 60(b), then the original judgment was moot. The appellate court in Oliver held that it was permissible for the trial court to amend its April judgment pursuant to Rule 60(b).
The United States Court of Appeals for the Fifth Circuit inChavez v. Balesh, 704 F.2d 774 (5th Cir. 1983), discussed an appeal from the grant of a Rule 60(b) motion. The plaintiff inChavez sued her employer, alleging that he failed to pay her both minimum and overtime wages. After a *Page 698 
nonjury trial, the trial court issued its findings of facts and conclusions of law. One of those findings was that the plaintiff had been underpaid by $2,000, which represented unpaid minimum wages. The trial court also found that the plaintiff was entitled to $2,000 in liquidated damages and a $750 attorney fee. The trial court signed a judgment typed on a separate piece of paper from the findings of fact and conclusions of law. The judgment awarded the plaintiff $2,000 plus an attorney fee of $750. The judgment was filed in the clerk's office in June 1982. The employer did not appeal.
In September 1982, the trial court in Chavez entered a corrected judgment pursuant to Rule 60, Fed.R.Civ.P., awarding the plaintiff an additional $2,000 as liquidated damages, "i.e., the earlier judgment was corrected to reflect $2,000 for unpaid minimum wages, $2,000 as liquidated damages, and $750 in attorney's fees." 704 F.2d at 775. The trial court did not specify whether its action in correcting the judgment was pursuant to subsection (a) or (b) of Rule 60. The employer filed a timely notice of appeal from the corrected judgment.
The Fifth Circuit Court of Appeals concluded that the corrected judgment corrected a mere clerical oversight on the part of the trial court because the court's findings of fact entered the same day as the original judgment included the $2,000 for liquidated damages and because the original judgment, filed separately, began by stating that the judgment was being entered in accordance with the findings of fact and conclusions of law. Even though the appellate court concluded that the trial court's actions could be upheld on the basis of Rule 60(a), the court went on to discuss Rule 60(b), noting that it was unclear whether the trial court corrected the judgment on its own or in response to a motion by the plaintiff. The Chavez court stated:
 "Although an appeal from the denial of a Rule 60(b) motion does not bring up the underlying judgment for review, Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978), an appeal from the grant of such a motion may. `[W]here the order granting the 60(b) motion leaves nothing further to be decided at the district court level, then on general principles of finality the order is final.' 7 [J. Moore,] Moore's [Federal Practice] § 60.30[3] at 431 [(2d ed. 1982)]. Here the corrected judgment entered by the district court left `nothing further to be decided' and was therefore a final order. Moreover, because the corrected judgment incorporated all aspects of the original one, then [the employer]'s notice of appeal from the corrected judgment allowed him to challenge all its aspects, including the underlying merits. It therefore follows that [the employer] suffered no prejudice from the grant of 60(b) relief."
704 F.2d at 777-78.
In the present case, the husband's appeal filed on February 2, 2003, became moot with regard to the issue of the division of the retirement benefits when the trial court granted the wife relief from the original judgment pursuant to Rule 60(b) and amended its order regarding the division of the retirement benefits. This court cannot address whether the trial court erred in awarding the wife retirement benefits from the date of separation because no appeal has been filed from the amended judgment of May 19, 2003.
The husband's brief also raises the issue of periodic alimony. We note that the trial court's amended judgment of May 19, 2003, merely reinstated that original judgment with regard to the periodic-alimony *Page 699 
award, without modifying the award. Accordingly, this court can address the merits of the trial court's award of periodic alimony. Our supreme court has stated:
 "`In reviewing the [circuit] court's judgment in a divorce case presented ore tenus, we will presume the judgment to be correct. . . .' Ex parte Jackson, 567 So.2d 867, 868 (Ala. 1990). Furthermore, rulings on such matters as child support, alimony, division of marital property, and payment of marital debts are within the discretion of the circuit court. See id. Thus, a circuit court's divorce judgment, including its rulings on these matters, will not be reversed unless it is so unsupported by the evidence that it is plainly and palpably wrong and a clear abuse of discretion. See Ex parte Smith, 673 So.2d 420, 421 (Ala. 1995); Ex parte Jackson, 567 So.2d at 868; see also Hartselle v. Hartselle, 475 So.2d 860, 861 (Ala.Civ.App. 1985) (`The cases are legion which hold that matters in divorce cases, such as the division of property and child custody, are subjects that fall within the sound judicial discretion of the [circuit] court.'). Moreover, an appellate court reviewing a circuit court's judgment in a divorce action is not to substitute its judgment of the facts for that of the circuit court. See Ex parte Smith, 673 So.2d at 422. Instead, the appellate court is `simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion.' Id."
Ex parte Elliott, 782 So.2d 308, 311 (Ala. 2000). When determining an alimony award and dividing marital property, the trial court should consider the following factors: the earning abilities of the parties; the future prospects of the parties; their respective ages and health; the duration of the marriage; the parties' station in life; the items of marital property and their sources, values, and types; and the conduct of the parties in relation to the marriage. Willing v. Willing, 655 So.2d 1064
(Ala.Civ.App. 1995).
The trial court ordered the husband to pay $450 per month in alimony. The husband contends that the alimony award is crippling and forces him to operate at a $547.75 shortfall each month. The husband has a gross monthly income of $6,140. In his brief, the husband estimated his monthly expenses to be $2,946.75. However, the evidence presented at trial indicates that his average monthly expenses were approximately $2,596. Those expenses also included an amount for entertainment, charges at a Lowe's home-improvement store, and $120 per month in country-club fees. Also, the husband received a bonus of $6,500, but he did not include that amount in his income. Rule 32, Ala. R. Jud. Admin., defines gross income as including income from bonuses. Accordingly, we cannot say that the trial court abused its discretion in the $450-per-month alimony award.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
CRAWLEY, J., concurs in the result, without writing.
[1] The wife also sought leave to file a motion to review the amount of the supersedeas bond.
[2] Although neither party argues that the trial court's January 15, 2003, or May 19, 2003, orders merely corrected a clerical error in its original judgment, we note that the changes made by the trial court were of such a substantial nature that Rule 60(a), Ala. R. Civ. P., providing for relief from a clerical mistake in a judgment or order, would not apply. In McGiboney v.McGiboney, 679 So.2d 1066, 1067 (Ala.Civ.App. 1995), the trial court originally ordered the husband to pay the wife 40% of the present value of his two retirement accounts as alimony in gross and found that the value of those accounts was "`$21,387.39 and $33,878.59, respectively, or a gross value of $55,265.98 — the Wife's share of which would be $22,106.39.'" The husband filed a postjudgment motion, requesting, among other things, that the trial court reconsider its award of alimony in gross to the wife. The motion was deemed denied by operation of law. The wife filed a motion for garnishment, alleging that the husband had failed to satisfy the award of alimony in gross. The husband moved to stay the proceedings while his employer transferred funds into the wife's name in order to avoid tax consequences. The trial court granted the motion to stay the garnishment proceedings. The husband then moved to amend the judgment, requesting that the trial court enter a QDRO so that alimony in gross from the proceeds of the retirement plans could be transferred to the wife at a future date. The husband filed a second motion to amend the final judgment, suggesting that, as result of a clerical error, the trial court had failed to provide for a QDRO. Subsequently, the trial court entered an order providing for a QDRO, under which the wife would not be entitled to her share of the retirement plans until the husband reached retirement age and under which she would receive a portion of the monthly proceeds of the plan rather than a lump sum of the proceeds of the retirement plans. This court held that a Rule 60(a) motion "cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. . . . If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b)." 679 So.2d at 1068. If the trial court in the present case made a mistake, it was not a clerical error, such as a mistake in transcription, but was a mistake of fact, i.e., how to divide the retirement funds.
[3] We recognize that an order granting relief from a judgment is considered an interlocutory order because further proceedings are contemplated by the trial court, and therefore, such orders are generally not appealable. Tompkins v. Baker, 745 So.2d 283
(Ala.Civ.App. 1999).
 "`It is only in some situations that an order granting relief under Rule 60(b) is treated as a final judgment for purposes of appeal. See Sanders v. Blue Cross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala. 1979). But these situations[, where the grant of a Rule 60(b) motion leaves no proceedings to be carried out in the court granting the motion,] are the exception rather than the rule.'"
Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047, 1049 n. 2 (Ala. 1996), quoting Ex parte Short, 434 So.2d 728, 730 (Ala. 1983). In the present case, there were no further proceedings to be carried out after the trial court granted the Rule 60(b) motion. *Page 700