[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12684

Non-Argument Calendar

_____

ALIN POP,
individually and on behalf of all those similarly situated,

Plaintiff-Appellant,

*versus*

LULIFAMA.COM LLC,
MY LULIBABE LLC,
LOURDES HANIMIAN,
a.k.a. Luli Hanimian,
TAYLOR MACKENZIE GALLO,
a.k.a. Tequila Taylor,
ALEXA COLLINS, et al.,

2                    Opinion of the Court                    23-12684

                                        Defendants-Appellees,


GABRIELLE EPSTEIN,

                                                    Defendant.


                        _____

                Appeal from the United States District Court
                    for the Middle District of Florida
                D.C. Docket No. 8:22-cv-02698-VMC-JSS

                        _____

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

        Upon review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction. Alin Pop appeals from the district court's July 20, 2023, order dismissing his action as to multiple defendants. On July 27, 2023, after Pop voluntarily dismissed the sole remaining defendant, the district court entered an order closing the case, rendering the July 20, 2023, order reviewable. *See* Fed. R. App. P. 3(c)(4); *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993).

        However, after Pop filed his notice of appeal, a previously dismissed defendant, Gabrielle Epstein, filed a timely motion to re-open the action against her and reconsider her motion to dismiss

23-12684                Opinion of the Court                3

on the merits, citing Federal Rule of Civil Procedure 60(b). *See* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e), 60(b); *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988). The district court retained jurisdiction to consider that motion and granted it, reinstating Epstein's motion to dismiss the action against her. *See* Fed. R. App. P. 4(a)(4)(B). The reopened action and motion to dismiss remain pending before the district court.

Therefore, there is no final judgment from which to appeal the district court's July 20, 2023, order. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012); *Oliver v. Home Indem. Co.*, 470 F.2d 329, 329-30 (5th Cir. 1972). Accordingly, we lack jurisdiction to consider the appeal. *See* 28 U.S.C. § 1291.