**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 28, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-20721

---

FELICIA SHEPHERD, ALEX GRISBY,
MELVIN JACKSON, GERALD THOMAS,
CLAUDINE FALKNER, RUFINO RAZO,
DAVID CRISWELL, LARRY OLIVER,
MICHAEL CLOUDY, MARK FLETCHER,
QUINCY RATCLIFF and RANDY HORN,

Plaintiffs-Appellees,

versus

INTERNATIONAL PAPER CO.,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before GARWOOD, HIGGINBOTHAM and SMITH, Circuit Judges.

GARWOOD, Circuit Judge:

In this appeal, International Paper contends that the district court did not have jurisdiction to grant plaintiffs' Rule 60(b) motion for reconsideration once plaintiffs appealed the district court's order dismissing their case. We agree with International

Paper and vacate the district court's order granting plaintiffs' motion for reconsideration.

## Facts and Proceedings Below

In October 2002, plaintiffs filed this suit against International Paper for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Plaintiffs served International Paper with the lawsuit in January 2003. International Paper, however, moved to dismiss plaintiffs' complaint on the grounds, among others, that plaintiffs had failed to properly serve it. By order entered on Monday, April 28, 2003, the district court granted International Paper's motion, reciting that process had not been properly served, and dismissed the suit without prejudice.

On Wednesday, May 14, 2003, plaintiffs filed a motion for reconsideration, which in this case we treat as a Rule 60(b) motion.[1] On May 27, 2003, plaintiffs timely filed a notice of appeal, appealing the April 28, 2003 order dismissing their suit. Even though the appeal was pending, on June 18, 2003, the district court, now convinced that the service of process had been effective, granted plaintiffs' motion for reconsideration and

---

[1] While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted). Because plaintiffs' motion for reconsideration was filed more than ten days after the district court's order dismissing the suit, it is treated as a Rule 60(b) motion.

vacated its April 28, 2003 judgment. Before granting plaintiffs' motion, the district court did not seek leave of this court to do so. Plaintiffs also did not file with this court a motion for remand to the district court to allow it to grant the motion for reconsideration.

Following the June 18 order granting plaintiffs' motion, plaintiffs filed with this court a notice to abandon their appeal, and this court dismissed the appeal on June 26, 2003. On July 18, 2003, International Paper timely appealed from the order granting plaintiffs' motion for reconsideration.

## Discussion

International Paper asserts that once plaintiffs filed their notice of appeal, the district court did not have jurisdiction to grant plaintiffs' previously submitted Rule 60(b) motion. Plaintiffs contend, however, that we do not have jurisdiction to entertain International Paper's appeal because the order granting the Rule 60(b) motion is not a final judgment. We agree with International Paper on both issues.

## I.   Jurisdiction over this appeal

We first address our jurisdiction over this appeal. The district court's order granting reconsideration of its dismissal of plaintiffs' claims is not a final order, but is nevertheless appealable. While "[o]rdinarily an order granting a motion under Rule 60 for relief from a final judgment is purely interlocutory

3

and not appealable[,] . . . when the *appellant attacks the jurisdiction of the district court* to vacate the judgment . . ., an appeal will lie to review the power of the court to enter such an order." *Hand v. United States*, 441 F.2d 529, 530 n.1 (5th Cir. 1971) (per curiam) (emphasis added). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) ("This appeal [of the order setting aside the judgment and reinstating the case pursuant to Rule 60(b)(6)] is clearly not from a final order of the district court. . . . There is, however, a reasonably well grounded common-law exception to the final-judgment rule where the *district court acts without the power to do so*." (emphasis added) (citing, among others, *Hand*, 441 F.2d at 530 n.1)). *Cf*. *Phillips v. Negley*, 6 S.Ct. 901, 903 (1886) (if order vacating judgment and granting a new trial "was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court"); *Arenson v. S. Univ. Law Ctr.*, 963 F.2d 88, 90 (5th Cir. 1992) (citing *Phillips*, 6 S.Ct. at 903); *National Passenger R.R. Corp. v. Maylie*, 910 F.2d 1181, 1183 (3d Cir. 1990) (order granting new trial, though generally a nonappealable interlocutory order is appealable if made without jurisdiction).

On appeal, International Paper challenges the district court's jurisdiction to grant plaintiffs' Rule 60(b) motion. This case,

4

therefore, falls within an exception to the final judgment rule, and we do have jurisdiction over the appeal.

## II. District Court's Jurisdiction to Grant the Rule 60(b) Motion

### A. Standard of Review

"Challenges to a district court's jurisdiction are reviewed *de novo*." *United States v. Bredimus*, 352 F.3d 200, 203 (5th Cir. 2003).

### B. Notice of Appeal and District Court's Jurisdiction

"[A] perfected appeal divests the district court of jurisdiction." *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995). Once the notice of appeal has been filed, while the district court may *consider* or *deny* a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to *grant* such a motion while the appeal is pending. *Id.* at 949. "'When the district court is inclined to *grant* the 60(b) motion, . . . then it is necessary to obtain the leave of the court of appeals. *Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion*.'" *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enters. Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). If the district court "'indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant

5

such motion.'" *Winchester*, 68 F.3d at 949 (quoting *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955)).

The relevant procedural facts in this case are similar to those in *Winchester*: the party first filed a Rule 60(b) motion, then a notice of appeal. *Winchester*, 68 F.3d at 948. In the present case, the district court dismissed plaintiffs' case on April 28, 2003, and on May 14, 2003, plaintiffs filed a motion for reconsideration. Plaintiffs filed their notice of appeal to this court on May 27, 2003. No leave of this court was either requested or granted, and plaintiffs made no motion in this court for a remand. Thus, the district court did not have jurisdiction to grant plaintiffs' Rule 60(b) motion following plaintiffs' notice of appeal. *See id.* at 949.[2]

### C. Plaintiffs' Counter-Arguments

In spite of our well-established procedure for Rule 60(b) motions during the pendency of an appeal, plaintiffs argue that

---

[2] We observe that a notice of appeal filed after the judgment—but before the district court disposes of a Rule 60 motion filed no later than ten days after the judgment is entered (or of a timely filed other motion listed in Fed. R. App. P. 4(a)(4)(A)—does not become effective until the order disposing of the last remaining such motion is entered. FED. R. APP. P. 4(a)(4)(A)(vi), (B)(i). This allows the district court to retain jurisdiction to grant a Rule 60(b) motion filed not later than 10 days after entry of judgment, even though the notice of appeal has been filed.

In this case, however, plaintiffs properly concede that they did not file any Rule 4(a)(4)(A) motion that would trigger Rule 4(a)(4)(B)(i). Plaintiffs filed their motion for reconsideration on May 14—more than ten days after the April 28 entry of the district court's judgment. Thus, plaintiffs did not delay the effective date of their notice of appeal and did not extend the district court's jurisdiction.

their notice of appeal did not divest the district court of jurisdiction to grant their motion.  We find plaintiffs' arguments unconvincing.

### 1.    Between a Rock and a Hard Place

Plaintiffs claim that they were "forced" to file a notice of appeal in order to preserve their appellate issues while the district court was considering their Rule 60(b) motion. Plaintiffs, however, do not point to any authority suggesting that this "forced" situation creates an exception to the general rule that the district court's jurisdiction is divested upon filing the notice of appeal.  Furthermore, we have previously determined that our procedure—an appellant may make a motion to the court of appeals for a remand if the district court indicates an intention to grant the Rule 60(b) motion—"will relieve a party from being forced to elect between two available remedies."  *Winchester*, 68 F.3d at 949.[3]  This argument, therefore, is without merit.

### 2.    Granting a Rule 60(b) Motion *Regardless* of a Pending Appeal

Plaintiffs cite cases stating that a district court may entertain, *or even grant*, a Rule 60(b) motion regardless of a

---

[3]Parties in the position of these plaintiffs should also consider specifically advising the district court, perhaps by a supplement to their Rule 60(b) motion, that they have filed a notice of appeal from the judgment to which the 60(b) motion is directed, and that the district court, if it is inclined to believe the motion has merit, should so advise, but not formally grant the motion, and plaintiffs will then seek remand from the Court of Appeals to allow the district court to grant the motion, and if the Court of Appeals orders such a remand, the district court may then grant the motion.  The plaintiffs here did nothing of the kind.

pending appeal. *See Stone v. INS*, 115 S.Ct. 1537, 1547 (1995) ("[T]he pendency of an appeal does not affect the district court's power to grant Rule 60 relief."); *Ingraham v. United States*, 808 F.2d 1075, 1080–81 (5th Cir. 1987) ("[A] Rule 60(b) motion may be entertained in the district court at any time within a year of judgment, regardless of the pendency or even the completion of an appeal."); *Ames v. Miller*, 184 F. Supp. 2d 566, 575 (N.D. Tex. 2002) ("The fact that the judgment sought to be set aside had been affirmed on appeal does not impair the trial court's ability to grant Rule 60(b) relief."). Plaintiffs also cite *Standard Oil Co. of Cal. v. United States*, 97 S.Ct. 31 (1976), in which the Supreme Court held "that the District Court may entertain a Rule 60(b) motion without leave by this Court." *Id.* at 31.

These cases do not support plaintiffs' position. Contrary to plaintiffs' assertions, *Ingraham* is not inconsistent with our procedure described in *Winchester*. *Ingraham* merely states that the district court may *entertain* the Rule 60(b) motion, and the ability to entertain or consider the motion at any time and without leave of the appellate court does not compel the conclusion asserted by plaintiffs that the district court may also *grant* the motion without such leave.[4] *Standard Oil* and *Ames* dealt with a clearly

---

[4] In *Ingraham*, the district court actually *denied* the government's Rule 60(b) motion after the notice of appeal, consistent with our established procedure. *Ingraham*, 808 F.2d at 1077, 1080–81. Another case cited by plaintiffs, *Dow Chemical v. Consumer Product Safety Commission*, 464 F. Supp. 904 (W.D. La. 1979), is also unsupportive of their position. In *Dow Chemical*, the

8

different procedural issue—the ability of the district court to dispose of a Rule 60(b) motion *after a completed* appeal, rather than during the pendency of an appeal. *See Standard Oil*, 97 S.Ct. at 31; *Ames*, 184 F. Supp. 2d at 570–71, 573, 575. "The power of the district court to act on a Rule 60(b) motion *after* the appellate court has finished with the case raises different problems," and *Standard Oil* is the case that resolved this issue. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2873 (2d ed. 1995) (emphasis added); *see also*, *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 70 F. Supp. 2d 1, 2–3 (D.D.C. 1999) ("The *Standard Oil* court did not address whether a district court had jurisdiction during the pendency of an appeal."). *Standard Oil* and *Ames*, therefore, are not applicable here.

Although appearing to directly and strongly support plaintiffs' position, *Stone* also does not control in the case *sub judice*. First, the statement in *Stone* that "the pendency of an appeal does not affect the district court's power to grant Rule 60 relief" was dicta. *Stone*, 115 S.Ct. at 1547. The Supreme Court in *Stone* merely analogized the procedure for Rule 60(b) motions to a motion for reconsideration of a decision by the Board of

---

district court was considering a Rule 62(c) motion (injunction pending appeal), not a Rule 60(b) motion, and in any event, the district court *denied* the motion. *Id.* at 906–07, 911.

Immigration Appeals as secondary support for its holding that filing a timely motion for reconsideration with the Board of Immigration Appeals did not toll the time for filing an appeal to the Court of Appeals from the Board's underlying decision. *Id.* at 1541, 1547. Because *Stone* did not in any way involve Rule 60(b), the statement at issue cannot be construed as an alternative holding.

It has long been settled that the filing of a Rule 60(b) motion more than ten days after entry of judgment, even though such filing be timely, does not toll the time for filing notice of appeal. And, the jurisprudence that a district court is without jurisdiction to grant a thus filed Rule 60(b) motion while an appeal is pending, absent remand by the court of appeals, has to no extent ever been based on any thought that such filing of the Rule 60(b) motion tolled the time for filing notice of appeal; rather, it has been based on the concept that *while* the case is pending in the court of appeals, the district court, absent some form of remand or permission by the court of appeals, lacks jurisdiction over the case except to act in furtherance of the appeal.

While this circuit has not expressly addressed what effect, if any, this *Stone* dicta may have on our established procedure for Rule 60(b) motions (filed more than ten days after entry of judgment) when an appeal is pending, other courts have explicitly recognized that the statement in *Stone* is dicta and thus have not

10

modified their similar Rule 60(b) approach. *See Concept Design Elec. & Mfg. Inc. v. Duplitronics, Inc.*, 104 F.3d 376, 1996 WL 729637, at *3-4 (Fed. Cir. Dec. 19, 1996) (unpublished); *TA Instruments, Inc. v. Perkin-Elmer Corp.*, No. 95-545-SLR, 2000 WL 152130, at *3 n.1 (D. Del. Jan. 24, 2000) ("To date the Third Circuit has not addressed the effect, if any, of the *Stone* dicta on its procedure concerning Rule 60(b) motions."); *Phillips v. Corestates Bank, N.A.*, 33 F. Supp. 2d 419, 421 n.5 (D.V.I. 1999); *A.P. v. McGrew*, No. 97 C 5876, 1998 WL 808879, at *2 (N.D. Ill. Nov. 16, 1998).[5]   Likewise, in cases following *Stone* we have

---

[5] One district court relied in part on *Stone* to conclude that it retained jurisdiction to *grant* a Rule 60(b) motion in part without seeking leave of the appellate court.  *Shamis v. Ambassador Factors Corp.*, No. 95 CIV. 9818 RWS, 2001 WL 25720, at *1, 4-5, 8 (S.D.N.Y. Jan. 10, 2001).  We find the analysis in *Shamis* to be unpersuasive and incomplete.  The district court did not recognize that the statement from *Stone* was dicta.  *Id.* at *4.   The court also cited a Fourth Circuit case for the proposition that it retained jurisdiction over the Rule 60(b) motion.  *Id.* at *5 (citing *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 888 (4th Cir. 1999)).   The district court, however, failed to recognize that in *Fobian*, the Fourth Circuit formally adopted the same procedure followed by us and the majority of circuits, *Fobian*, 164 F.3d at 891-92 (citing, among others, *Ferrell*, 223 F.2d at 699, and *Winchester*, 68 F.3d at 949), meaning that the district court could *not* grant the Rule 60(b) motion without first receiving leave of the appellate court.

We also note that in *Properties Unlimited, Inc. v. Cendant Mobility Servs.*, No. 01 C 8375, 2003 WL 443742, at *1 (N.D. Ill. Feb. 20, 2003), the district court cited *Stone* in concluding that it had power to grant a Rule 60(b) motion despite the pendency of the appeal.  The district court, however, did not refer to the fact that the *Stone* language was dicta, in contrast to *McGrew*, 1998 WL 808879 at *2, also from the Northern District of Illinois, nor did it mention at all the Seventh Circuit's previously established procedure requiring a district court to seek a remand if it was inclined to grant the motion.  *See Brown v. United States*, 976 F.2d 1104, 1110-11, (7th Cir. 1992) (detailing the Seventh Circuit's approach for dealing with Rule 60(b) motions during the pendency of an appeal).   Therefore, we find *Properties Unlimited* to be unpersuasive.   With respect to *Properties Unlimited*, we further note that in February 2003, the defendants filed with the Seventh Circuit a notice of appeal from the district court's order granting the Rule 60(b) motion; so far as we are aware, as of this writing that appeal is still pending.

11

continued to follow the same procedure established prior to *Stone*. *See Karaha Bodas Co. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, No. 02-20042, 2003 WL 21027134, at *4 (5th Cir. Mar. 5, 2003) (per curiam); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999); *Winchester*, 68 F.3d at 949 (decided in November 1995, some seven months after *Stone*).  So have other circuits.  *See, e.g., Mahone v. Ray,* 326 F.3d 1176, 1179-80 (11th Cir. 2003); *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999); *Fabian v. Storage Tech. Corp.*, 164 F.3d 887, 890-91 (4th Cir. 1999).[6]

Second, this statement from *Stone* relied on *Standard Oil*, and as pointed out *supra*, *Standard Oil* dealt with a different procedural situation from that involved in this case.[7]

Taking all this into account, we hold that *Stone* does not affect our previously established approach where the appeal remains pending when the district court acts.

---

[6]The Ninth Circuit alone denies the authority of a district court even to *consider* a Rule 60(b) motion while an appeal is pending. *E.g., Scott v. Younger*, 739 F.2d 1464, 1466 (5th Cir. 1983).

[7]Apart from *Standard Oil*, the only other authority cited by *Stone* in this respect is Wright, Miller & Kane, supra, § 2873.  As previously observed, that text recognizes that *Standard Oil* addressed the "different problems" of district court action on a Rule 60(b) motion *after* the appeal is concluded and is no longer pending.  Where the appeal is still pending, the approach we take here is fully consistent with that text.  *See id*. at 430-35.  The 2004 pocket part to that text cites *Stone* only in connection with the portion thereof addressing the district court's power after the appeal is terminated.  *Id*. at 113 n.19.  Another leading treatise on procedure makes no mention of *Stone* but adheres to the general rule that a pending appeal divests the district court of the power to grant a Rule 60(b) motion.  *See* 12 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 60.61[1] (3 ed. 2004).

Plaintiffs also make a brief attempt at arguing that we have allowed a district court to grant a motion for reconsideration after the filing of a notice of appeal and without the filing of a motion for leave, citing *Oliver v. Home Indemnity Co.*, 470 F.2d 329, 331 (5th Cir. 1972), as evidence of this. While plaintiffs' statement about the result in *Oliver* is correct, we have previously deemed the *Oliver* decision "an anomaly" that we have "consistently declined to follow in subsequent cases." *Winchester*, 68 F.3d at 949. Furthermore, as one panel of this court cannot overrule another, *Oliver* cannot be binding on us because it contravenes *Ferrell*, the case in which we set out the proper procedure for dealing with Rule 60(b) motions during the pendency of an appeal. *Id.* Thus, this argument is unavailing.

## Conclusion

For the foregoing reasons, the district court's order granting plaintiffs' motion for reconsideration is

VACATED.

13