United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 04-60212
Summary Calendar

_____

WILTON TYRONE ANTHONY; ET AL,

Plaintiffs,

AMELITA PORTER; E.J. ROBIE; SARAH STANLEY,

Plaintiffs-Appellees,

versus

AMERICAN HERITAGE LIFE INSURANCE CO.; ET AL,

Defendants,

AMERICAN HERITAGE LIFE INSURANCE CO.; FIRST COLONIAL INSURANCE CO.,

Defendant-Appellant,

REPUBLIC FINANCE LLC, doing business as Republic Finance Inc., Successor in interest of Fidelity National Corporation,

Appellant.

_____

Appeal from United States District Court
for the Northern District of Mississippi, Greenville
USDC No. 4:01-CV-278-PB

_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Before the court is an appeal from the district court's grant of a Fed. R. Civ. P. 60(b)

motion to reconsider. The appellees have filed a motion to dismiss the appeal for lack of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction.

The plaintiffs-appellees ("Porter") filed a complaint in state court alleging various claims arising out of loan transactions between themselves and Fidelity National Corporation ("Fidelity"). In the complaint Porter also named several in-state defendants. Fidelity removed the case to federal district court. Porter then filed a motion to remand. The district court denied the motion to remand and subsequently granted Fidelity's motion for summary judgment and dismissed Porter's claims as barred by the statute of limitations.

After the entry of the district court's judgment, but before the time had run for filing a notice of appeal, this court issued *Smallwood v. Illinois Central R.R. Co.*, 342 F.3d 400 (5th Cir.), *vacated by* 355 F.3d 357 (5th Cir. 2003), *and aff'd en banc*, 2004 WL 2047314 (5th Cir. Sept. 10, 2004). Porter then filed a Rule 60(b) motion to reconsider based on the *Smallwood* opinion. The district court granted the motion to reconsider the order denying the motion to remand; vacated the order dismissing the case with prejudice and granting summary judgment; directed the clerk to re-open the case; denied without prejudice the motion for summary judgment; and stayed proceedings pending resolution of a perceived conflict between *Smallwood* and *Ross v. CitiFinancial*, 344 F.3d 458 (5th Cir. 2003).

Fidelity argues that the district court lacked jurisdiction to entertain the motion to reconsider. Specifically, Fidelity argues that a subsequent change in law is not a permissible basis for a Rule 60(b) motion; therefore, the district court was without power to vacate the judgment. Furthermore, Fidelity argues that Porter should not be allowed to use a Rule 60(b) motion as a substitute for filing a notice of appeal. *Smallwood* was issued prior to the time for filing a notice of appeal had expired. Rather than seeking reconsideration of the district court's order based on

2

an impermissible ground, Fidelity asserts that Porter should have filed an appeal to this court.

Porter counters that the grant of a motion for reconsideration that vacates the judgment and leaves the case pending for further determination is akin to an order granting a new trial and is therefore interlocutory and non-appealable. Porter further argues that the motion for reconsideration was not based on a subsequent change in law. Rather, he asserts that the district court lacked subject-matter jurisdiction; therefore, the district court's order granting summary judgment was void.

A challenge to the district court's jurisdiction is reviewed *de novo*. *United States v. Bredimus*, 352 F.3d 200, 203 (5th Cir. 2003). Ordinarily, this court does not have jurisdiction to hear an appeal from the grant of a Rule 60(b) motion vacating the judgment. *Shepherd v. Int'l Paper*, 372 F.3d 326, 328 (5th Cir. 2004); *Parks by and through Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985) (holding that order pursuant to Rule 60(b) motion that vacates or sets aside a prior judgment and leaves the case pending further determination is interlocutory and non-appealable). In *Shepherd*, this court created an exception that permits appeals when a district court enters an order pursuant to Rule 60(b) over which it has no jurisdiction. *See* 372 F.3d at 329-33. Fidelity relies on *Shepherd* in its assertion of appellate jurisdiction.

*Shepherd* is distinguishable from the present case because the district court in *Shepherd* granted a Rule 60(b) motion *after* a notice of appeal had been filed. It is well-settled that the filing of a notice of appeal divests the district court of jurisdiction to grant a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 329. In the present case, the district court granted the Rule 60(b) motion *before* a notice of appeal had been filed. Thus the exception in *Shepherd* does not apply to the present case.

Fidelity essentially argues that the Rule 60(b) motion was without merit because it was based on a subsequent change of law. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (holding that district court abused discretion when it vacated judgment based on change in decisional law announced after the final judgment); *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) ("[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from final judgment."). By extension, Fidelity argues that a Rule 60(b) motion based on an impermissible theory divests a district court of jurisdiction over that motion. We disagree. The mere fact that the motion may have been without merit and that the district court may have abused its discretion in granting the motion to reconsider does not create appellate jurisdiction over this case. Fidelity's vigorous arguments notwithstanding, this appeal strikes at the merits of the Rule 60(b) motion and not at the district court's jurisdiction to entertain the motion. We do not reach the issue of whether the district court abused its discretion in granting a motion to reconsider based on a subsequent change in decisional law because we do not have jurisdiction over this appeal. *See Parks*, 761 F.2d at 1104.

Fidelity's contention that Porter should have filed a notice of appeal rather than a motion to reconsider is equally unavailing. A Rule 60(b) motion is not a substitute for a timely appeal. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (holding that district court abused discretion when it granted Rule 60(b) motion). Nevertheless, we do not reach the issue of whether the district court abused its discretion in granting the Rule 60(b) motion as a substitute for a timely notice of appeal, because Fidelity has not established that this court has appellate jurisdiction to consider the issue. *See Parks*, 761 F.2d at 1104.

Accordingly, Fidelity's appeal is DISMISSED.