**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 26, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-20614
Summary Calendar

———————————

TIMOTHY WAYNE SMITH,

                                    Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; TEXAS BOARD OF PARDONS &
PAROLES; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; THE WARDEN OF THE
"WALLS" HUNTSVILLE UNIT,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2289
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Timothy Wayne Smith, Texas prisoner number 925610, appeals

the district court's dismissal of his 42 U.S.C. § 1983 suit as

frivolous.  This court must consider the foundation of its

jurisdiction, even if it must do so sua sponte.  See Mosley v.

Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  Under FED. R. APP. P.

4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion

renders a notice of appeal ineffective until an order is entered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disposing of the motion. A motion requesting reconsideration of a judgment is treated as a Rule 59(e) motion for purposes of FED. R. APP. P. 4(a)(4), regardless of the label affixed to the motion, if it is made within the 10-day limit for Rule 59(e) motions. See Shepherd v. Int'l Paper, 372 F.3d 326, 328 n.1 (5th Cir. 2004); Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

Although styled as "objections" to the judgment, Smith's postjudgment filing challenges the district court's dismissal of his suit. Consequently, despite the label affixed by this pro se litigant, the postjudgment filing must be regarded as a Rule 59(e) motion because it was filed within 10 days of the entry of judgment. See FED. R. CIV. P. 6(a); see also Harcon Barge, 784 F.2d at 667.

This case must be remanded, and the record returned to the district court, so that the district court may rule upon Smith's Rule 59(e) motion as expeditiously as possible, consistent with a just and fair disposition thereof. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994). We retain jurisdiction over the appeal except for the purposes of the limited remand. Smith's appeal shall be held in abeyance until his notice of appeal is effective. The clerk of this court is instructed to process the appeal immediately upon the return of this case from the district court.

LIMITED REMAND; HOLD APPEAL IN ABEYANCE.