United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30858
USDC No. 3:05-CV-347
_____

LANCE HANSON AYERS,

Plaintiff-Appellant,

versus

482018-DIV: "N"; ALLEN CORRECTIONAL; 19TH JUDICIAL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Lance Ayers, Louisiana prisoner # 122241, appeals the district court's dismissal of his complaint for failure to comply with a court order to amend his pleadings. As a threshold matter, this court is obligated to examine sua sponte the basis of its jurisdiction. See Williams v. Chater, 87 F.3d 702, 704 (5th Cir. 1996). At the same time he filed his notice of appeal, Ayers also filed a "Motion and Order to Enter Objection," seeking reconsideration of the district court's dismissal order, which we

_____

[1]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

construe as a timely-filed Rule 59(e) motion.  See Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004).  The filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective until the district court enters an order disposing of the motion.  FED. R. APP. P. 4(a)(4)(B)(i).  Ayers's notice of appeal is, therefore, ineffective.

Consequently, this case must be remanded, and the record returned, so that the district court may rule on Ayers's post-judgment motion "as expeditiously as possible, consistent with a just and fair disposition thereof."  Burt v. Ware, 14 F.3d 256, 261 (5th Cir. 1994).  The clerk of this court shall process the appeal immediately upon the return of the case from the district court.

LIMITED REMAND.