# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2011

No. 10-60896
Summary Calendar

Lyle W. Cayce
Clerk

MERLIN HILL,

Petitioner-Appellant

v.

STATE OF MISSISSIPPI; DALE CASKEY,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CV-22

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Merlin Hill, Mississippi prisoner # R4779, moves for a certificate of appealability (COA) to appeal from the judgment dismissing his 28 U.S.C. § 2254 habeas corpus application. He also moves for leave to proceed in forma pauperis (IFP) on appeal.

Hill contends, inter alia, that District Judge Aycock, who dismissed his habeas application, should have recused herself because she previously was the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state court judge who denied his application for state postconviction relief. Judge Aycock evidently overlooked this fact in the district court proceeding.

The federal recusal statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such a situation arises when a federal judge in a habeas case reviews the validity of a decision in which she previously participated as a judge in state court. *See Clemons v. Wolfe*, 377 F.3d 322, 327 (3d Cir. 2004). The statute provides for waiver of the basis for disqualification after full disclosure, § 455(e), but the Code of Conduct for United States Judges states that disqualification based on a judge's previous participation as a judge in the proceeding is not waivable. Code of Conduct for United States Judges, Canon 3(c)(1)(e), 3(D). In Hill's case, the record does not reflect that he was given an opportunity to waive the basis for disqualification, if a waiver even is legally possible. The judgment of the district court is vacated and the case is remanded to the Chief Judge of the Northern District of Mississippi for reassignment under the rules of that court.

COA GRANTED; IFP GRANTED; VACATED AND REMANDED.