# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 23, 2012

Lyle W. Cayce
Clerk

No. 11-60421
Summary Calendar

MERLIN HILL,

Petitioner-Appellant,

versus

STATE OF MISSISSIPPI; DALE CASKEY,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:10-CV-22

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Merlin Hill, Mississippi prisoner # R4779, moves for a certificate of appeal-
ability ("COA") to appeal the June 6, 2011, order dismissing his 28 U.S.C. § 2254

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

application as time-barred. He also moves for leave to proceed *in forma pauperis* ("IFP") to challenge his conviction of capital rape and sexual battery.

This court must examine the basis of its jurisdiction, on its own motion if necessary, *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987), and we may consider the basis of the district court's subject-matter jurisdiction *sua sponte* if necessary, *EEOC v. Agro Distrib., LLC,* 555 F.3d 462, 467 (5th Cir. 2009). On June 3, 2011, we vacated the first order dismissing Hill's application as time-barred because the district judge presiding over the § 2254 proceeding was also the state court judge who had denied Hill's first state application for postconviction relief. We directed the district court to assign Hill's case to another district judge. *Hill v. Mississippi*, 427 F. App'x 317 (5th Cir. 2011). The mandate in *Hill* issued on June 27, 2011.

The June 6 dismissal of Hill's application as time-barred was the result of the district court's grant of a motion for reconsideration of the initial dismissal order pursuant to Federal Rule of Civil Procedure 60(b). Because the mandate had not issued for our June 3 opinion, that opinion was not final, *see United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008), and the district court lacked jurisdiction to grant Hill's Rule 60(b) motion, *see Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). Because the court lacked jurisdiction to grant the Rule 60(b) motion, it also lacked jurisdiction to dismiss the habeas application as time-barred.

The COA and IFP motions are GRANTED. The judgment is VACATED and REMANDED for further proceedings consistent with our June 3, 2011, opinion.