# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30058
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

Kareem Abdul Johnson,

*Plaintiff—Appellant*,

*versus*

Steve Prator; Chaplain Patin-Hammond; Director Hicks; K. Tyler; M. Merritt,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CV-5713

_____

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Kareem Abdul Johnson, Louisiana prisoner number 105117, filed an appeal from the dismissal without prejudice of his 42 U.S.C. § 1983 complaint as moot. The appellees have moved to dismiss this appeal for lack of jurisdiction, arguing that Johnson failed to file a timely notice of appeal.

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30058

A timely "notice of appeal in a civil case is a jurisdictional requirement" where, as here, the time limit is set by statute. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see* 28 U.S.C. § 2107(a) (providing thirty days to take an appeal from the entry of judgment, order, or decree in a civil case). Johnson's notice of appeal was not filed within thirty days of the district court's dismissal of his complaint. *See* Fed. R. App. P. 4(a)(1)(A). Because his post-judgment motion was filed more than twenty-eight days after the dismissal of his complaint, the motion is properly construed as a Federal Rule of Civil Procedure 60(b) motion for relief from judgment, which did not extend the time for filing a notice of appeal or bring up the underlying judgment for review. *See* Fed. R. App. P. 4(a)(4)(A); *see also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (explaining how to distinguish between Rule 59(e) and Rule 60(b) motions); *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) ("[A]n appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review[.]"). We do not have jurisdiction to review the dismissal of his complaint. *See Bowles*, 551 U.S. at 214. But, since Johnson filed his notice of appeal within thirty days of the entry of the order denying his Rule 60(b) motion, we have jurisdiction to review that order. *See id.* § 2107(a); Fed. R. App. P. 4(a)(1)(A). Accordingly, the motion to dismiss is DENIED.

Johnson does not address the district court's denial of his Rule 60(b) motion. Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief issues to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8). Johnson has therefore forfeited any challenge to the denial of his Rule 60(b) motion. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) (citations omitted).

The district court's judgment is AFFIRMED.